## LEVINE v. LEVINE.

Circuit Court, Dade County.

August 17, 1954.

Rothenberg & Burris, Miami Beach, for plaintiff.

VINCENT C. GIBLIN, Circuit Judge.

The plaintiff's motion (filed August 13, 1954) for a rehearing has been considered and is granted; and the order of July 26, 1954 dismissing plaintiff's bill of complaint with prejudice, is vacated and the cause is reinstated.

The trial of the cause will be resumed Saturday, November 13, 1954, at ten o'clock in the forenoon. At such time the undersigned judge will sit in chambers for the purpose of hearing such further testimony and receiving such proofs as shall be submitted. The testimony given at the hearing of July 24, 1954 will, of course, be considered.

Frequently in matrimonial litigation, such as this, in which the defendant wife is a resident of a distant state and in which the acts relied on as grounds for divorce occurred in such other state, the court needs the assistance of a disinterested amicus curiae who can procure and supply information and evidence of value to the court in its consideration and determination of important questions involved in the litigation.

A suit for divorce is not a mere controversy between two private parties. The state (or, in other words, the general public) is interested as an adverse party in every divorce suit; and, even if a decree pro confesso has been entered against the defendant for failure to appear and defend, the court's duty is to proceed with the same formality as if the defendant were present and providing the keenest opposition. A decree pro confesso in a divorce suit has no substantial effect other than to privilege the plaintiff to prosecute the suit without further notice to the defendant.

In this suit a decree pro confesso has been entered by the clerk against the defendant wife because of her failure to appear and interpose a defense; but the undersigned judge is in receipt of a letter from Francis Mortocci, of Kingston, New York, who is the defendant wife's attorney in certain proceedings brought by her against the plaintiff husband in the supreme court of New York in Ulster County in which she charges him with cruelty, non-support and abandonment and in which she seeks a legal separation and support and maintenance for herself and the two minor children of the parties. Such attorney advises in the mentioned letter that in such proceedings the court has enjoined the husband from further prosecuting this suit in this court.

In Bernstein v. Bernstein (Fla.), 36 So. 2d 190, our Supreme Court held that the filing in court of a letter from the defendant's attorney detailing certain facts involved in support proceedings in another state between the parties was sufficient to bring such proceedings to the chancellor's attention, and to authorize his consideration thereof, whether the letter was sufficient to constitute an appearance or not.

In the letter referred to the attorney represents that the wife "has no income and no funds of her own and is obviously financially unable, even if she wanted to, to protect her interest in the state of Florida."

In the stated circumstances the court needs the assistance of an amicus curiae; and Hilton R. Carr, Jr., an attorney and officer of this court, is requested to act in that capacity and to conduct such investigation and to procure and present to the court such pertinent and material information and evidence as shall be available and which should be considered by the court in determining the questions and issues involved in this suit, and to take such other action in the interest of the state as shall be proper in the premises.

The plaintiff is required to deposit, within ten days after the entry of this order, the sum of $100 as suit money which, subject to the supervision and direction of the court, shall be available to the amicus curiae for the purpose of defraying the expense incident to the taking of the deposition of the defendant wife and the depositions of other witnesses in New York who may be able to give pertinent and material testimony. No part of such suit money shall be disbursed by the clerk unless and until, after notice and hearing, such disbursement shall be ordered by the court.